UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 15-25531-PDR
CHAPTER 13

IN RE:

SANDRA ROCIO RIVERA
  Debtor.
_____/


## MEMORANDUM IN SUPPORT OF MOTION TO VALUE


**COMES NOW** the Debtor by and through her undersigned counsel and files this her Memorandum in support of her Motion to Value (DE 257) and as cause therefore states as follows:

After the hearing previously scheduled for May 3, 2021, the Court requested the undersigned to provide additional documents and evidence to indicate the allegations continued in the memorandum filed on April 30, 2021(DE 430), and the statements made by the undersigned at the hearing were accurate.

Most of the allegation contained in the allegations in the memorandum and the statements made on the record were accurate. There were statements which were inaccurate; however these statements do not substantially change the relevant facts of this case. The main statement that needs to be amended is that Aegis Wholesales Corporation filed for Chapter 11 bankruptcy in 2007 case number 07-11120-BLS. That case was closed November 2, 2012.

The Debtor has executed an affidavit stating the facts. This affidavit is attached hereto. As stated on the record, it was the belief of the undersigned that any transfers or assignments of the mortgage must have been recorded to have any validity against any creditors and subsequent transferees. Florida Statute Section 701.02, is the law that confirms the requirement that without a recording of a transfer of an assignment of mortgage, that transfer is ineffectual.

As for the cases cited in the Losada case, it is clear that this Court has jurisdiction to consider the relief sought. In re: Toledo, 170 F.3d 1340 (11th Cir 1999) states that a "related to matter" does not have to be created by the Bankruptcy Code, so long as it bears on the outcome of the title 11 case. There can be no dispute that this a "related to

matter". Also, this Court has continuing jurisdiction to interpret and enforce a bankruptcy plan. Travelers Indemnity Co. V Bailey, 557 U.S. 137, 146, 129 S. Ct. 2195, 174 L. Ed. 2d 99(2009)

Contested Motions to Value were filed in this case against the first mortgage holder FNMA f/k/a Seterus on September 9, 2015(DE 15) and against Reflections At Pembroke Pines Condominium Association Inc., on September 9, 2015 (DE 18). Orders were entered on these Motions to Value on October 16, 2015 and October 23, 2015 respectively. Motions to Reconsider were filed by both creditors and after appraisals were obtained all parties agreed that the value on the Petition date was $100,000.00. The first mortgage was stripped down to $100,000.00 and paid through the plan at 5.25% interest. The Associations lien was stripped and avoided. The payoff of the first mortgage was $140,935.46.

Finally, the prejudice to Debtor in failing to obtain a strip off of this second mortgage greatly outweighs the prejudice to the second mortgage holder. There is no dispute that the second mortgage holder did not incur any fees or costs because of the delay in filing of this Motion. The lender is out of business and therefore there is no one to pay if the Debtor wanted to payoff and satisfy this mortgage. Therefore, the only remedy the Debtor has to be able to refinance or alienate property is to have this Court grant her Motion to Value. In an abundance of caution, this memorandum and all previous motions and memorandum will be served on those representatives in the 2009 Chapter 11 case for Aegis Wholesales Corporation as well as the claims agent and liquidating Trustee and the nominee mortgage Electronic Registration Systems, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the **MEMORANDUM IN SUPPORT OF MOTION TO VALUE** was sent by regular U.S mailed to: **Mortgage Electronic Registration Systems, INC**. 401 E Las Olas Blvd Fort Lauderdale, FL 33301, **Aegis Wholesale Corporation**, 3250 Briarpark Dr Suite 400. Houston, TX 77042, **Mark M.Billion** (Billion Law) 1073 S Governors Ave Dover, DE 19904, **Timothy P. Cairns** (Pachulski Stang Young & Jones LLP) 919 N. Market Street,17[th] Floor Wilmington, DE 19801, **Bruce Grohsgal** (Pachulski, Stang, Ziehl Young & Jones) 919 N. Market Street,16[th] Floor Wilmington, DE 19899, **Custis A. Hehn** (Pachulski Stang Ziehl & Jones LLP) 919 N. Market Street,17[th] Floor Wilmington, DE 19801,**Laura Davis Jones**(Pachulski Stang Ziehl & Jones LLP) 919 N. Market Street,17[th] Floor Wilmington, DE 19801, **Kathleen P. Makowski** (Pachulski Stang Ziehl & Jones LLP) 919 N. Market Street,17[th] Floor Wilmington, DE 19801, P.O.B 8705 Wilmington, DE 19899, **James E O'Neil** (Pachulski Stang Ziehl & Jones LLP) 919 N. Market Street 17th Floor Wilmington, DE 19801, **David L. Buchbinder** Office of the U.S. Trustee j. Caleb Boggs Federal Building Suite 2207 , Wilmington, DE 19801,**Epid Corporate Restructuring**, LLC 777 Third Avenue, 12th Floor New York, NY 10017 , **Liquidation Trustee of the C-Bass Liquidation Trust**. % J.H. Cohn LLP, 333 Thornall Street Edison, NJ 08837 **U.S. Trustee Office of United States** Trustee J. Caleb Boggs Federal Building 844 King Street, Suite 2207, Lockbox 35 Wilmington, DE 19899 and all those set forth in the NEF on this 7th day of May 2021.

GBHB d/b/a BankruptcyNow
Attorneys for the Debtor
8410 SW 40th Street
Miami, FL 33155
Telephone (888)811-8989
Facsimile

By: /s/   Michael J. Brooks
    Michael J. Brooks
    Florida Bar No. 434442