

**ORDERED in the Southern District of Florida on August 16, 2021.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Sandra Rocio Rivera,

    Debtor.
_____/

Case No. 15-25531-PDR

Chapter 13

### ORDER DENYING DEBTOR'S MOTION TO VACATE DISCHARGE AND MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN AND RECLOSING CASE

A judge must always respect and apply the law and promote public confidence in the integrity and impartiality of the judiciary. Compliance requires steadfast respect for jurisdictional boundaries, even when kind discretion desires a different result. The movant, Sandra Rocio Rivera, filed an unopposed motion that if granted would immensely benefit her but would require the Court to exceed its jurisdiction. Although the excess would be almost imperceptible, in recognition of its solemn duty to apply the law, the Court must decline.

## Background

Rivera owns a condominium in Pembroke Pines, Florida. When she filed her Chapter 13 petition on August 27, 2015, the Condo was worth $100,000 and encumbered by three mortgages. Rivera owed more than $100,000 on the first mortgage, leaving no remaining equity to secure the two junior mortgages. Chapter 13 permits Rivera to strip the wholly unsecured junior mortgages from the property.[1] Rivera stripped the third mortgage but forgot about the Second Mortgage. She did not remember it when she filed her petition, confirmed her plan, or submitted any of her twelve modified plans. Rivera made all her plan payments, the Court granted her discharge, and on April 10, 2020, her case was closed.

In February 2021, Rivera tried to refinance the Condo and rediscovered the Second Mortgage. She returned to this Court in April 2021 and sought to reopen her case to vacate her discharge and strip the Second Mortgage from the Condo. But to do so, the Court must first determine that it has jurisdiction to strip a junior lien in a Chapter 13 case after the debtor has completed her plan, received her discharge, and her case has been closed where neither the junior lien nor its holder were identified or treated at any point during the case.

After months of hearings, memoranda, and investigation by Rivera's counsel, Rivera was able to determine that Citi Mortgage, Inc. held the Second Mortgage since at least August 2016 but did not record its assignment until July 2021. Though Rivera noticed Citi Mortgage prior to the Court's final hearing on this matter, it

---

[1] 11 U.S.C. §§ 506 & 1322(b)(2).

neither appeared, nor opposed the relief sought. In fact, according to Rivera, Citi Mortgage represented that it would provide her with a satisfaction of mortgage if she obtained a court order stripping the lien. While one may think this lack of opposition would make the decision easier, it makes it far more difficult.

## Analysis

Subject matter jurisdiction defines the limits of a court's power to hear cases and resolve disputes.[2] The parties can neither waive subject matter jurisdiction, nor consent to the Court entering orders where it is lacking.[3] The limits of a court's jurisdiction are so vital to the integrity of the judiciary that, where the Court identifies a potential jurisdictional issue, it is independently obligated to inquire into its authority to proceed.[4] This principle of the law compels the Court's decision.

Debtors have a substantive right under the Bankruptcy Code to value and determine the secured status of liens on property that the estate has an interest in.[5] But where the estate has no interest in the property, the bankruptcy court lacks jurisdiction to provide the relief.[6]

---

[2] *See Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017) (Sotomayor, J.).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (Kennedy, J.).

[4] *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (Breyer, J.).

[5] *See* 11 U.S.C. § 506; 28 U.S.C. § 1334(b); *Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999) (explaining that federal courts' jurisdiction to hear all cases "arising under title 11" allows them to hear cases or controversies "invoking a substantive right created by the Bankruptcy Code").

[6] *See, e.g., La Paz at Boca Pointe Phase II Condo. Ass'n v. Bandy*, 523 B.R. 267, 272 (S.D. Fla. 2014) (Rosenberg, J.) (explaining that the bankruptcy court lacked jurisdiction to strip a lien on property that was no longer property of the estate).

Chapter 13 debtors pay creditors through a bankruptcy plan that can last a maximum of five years.[7] Upon confirmation, unless otherwise stated in the confirmed plan or the confirmation order, the property of the estate vests in the debtor.[8] Once property leaves the estate, the Court's jurisdiction over the property is limited and, in most cases, lost.[9] While the debtor can modify the plan after confirmation, the plan cannot be modified after all payments have been made.[10] Once the plan is completed, the debtor (if eligible) is discharged, and the case is closed.[11] Unless otherwise expressly stated, the closure of the bankruptcy case triggers the abandonment of any remaining unadministered property of the estate.[12]

---

[7] *See* 11 U.S.C. §§ 1322; 1325; & 1326. Although inapplicable here, the Court notes that the five-year time limit for Chapter 13 plans is subject to an amendment under the CARES Act that, due to COVID-19, allows certain Chapter 13 debtors to operate under seven-year plans. *See* 11 U.S.C. § 1329(d) (2021).

[8] 11 U.S.C. § 1327(b); *see Bullard v. Blue Hills Bank*, 575 U.S. 496, 502–03 (2015) (Roberts, C.J.); *Waldron v. Brown (In re Waldron)*, 536 F.3d 1239, 1242 (11th Cir. 2008); *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1340 (11th Cir. 2000).

[9] *See In re Edwards*, 962 F.2d 641, 643 (7th Cir. 1992) (Posner, J.) ("Since the property was no longer part of the bankrupt estate and since a determination of rights to it would not affect any dispute by creditors over property that was part of the bankrupt estate, the Bankruptcy Court had no jurisdiction to determine rights to the property."); *In re Losada*, 557 B.R. 244, 251 (Bankr. S.D. Fla. 2016) (Isicoff, J.); *La Paz at Boca Pointe*, 523 B.R. at 272; *In re MMH Auto. Grp., LLC*, 385 B.R. 347, 355 (Bankr. S.D. Fla. 2008) (Isicoff, J.) (explaining that since the property had been sold and was no longer in the bankruptcy estate, the bankruptcy court had jurisdiction through its ability to enforce its sale order); *In re Parker*, 330 B.R. 802, 807 (Bankr. N.D. Fla. 2005).

[10] 11 U.S.C. § 1329(a); *see, e.g.*, *In re Webb*, No. 3:10-bk-7437-PMG, 2018 WL 11206026, at *4 (Bankr. M.D. Fla. Mar. 2, 2018); *In re D'Antignac*, No. 05-10620, 2013 WL 1084214, at *5 (Bankr. S.D. Ga. Feb. 19, 2013) ("If the Chapter 13 case closed following the debtor's completion of payments, reopening the case to administer the asset may not accomplish anything because the Chapter 13 Trustee has no authority to liquidate assets in the absence of a plan provision and the plan, which … cannot be modified after the debtor has completed payments.") (cleaned up).

[11] 11 U.S.C. §§ 350 & 1328.

[12] 11 U.S.C. § 554(c).

Abandonment divests the estate of the property and it reverts to the debtor.[13] As a result, the Court lacks jurisdiction to strip liens secured by abandoned property.[14]

When Rivera confirmed her plan, the estate ceased to have an interest in the Condo. When Rivera completed her plan payments, she was permanently unable to modify the plan to identify or treat the Second Mortgage. Rivera was then discharged, and her case was closed. Upon closure of the case, to the extent the estate held some fictional interest in the Condo, that interest was abandoned.[15] The Court simply has no jurisdiction over the Condo.

Although the Court lacks jurisdiction over the Condo, other courts have found jurisdiction to consider a post discharge lien stripping motion by virtue of the court's continuing jurisdiction to enforce its prior orders – including the confirmation order.[16] For example, in *In re Losada*, the bankruptcy court concluded that it had jurisdiction to consider a post-discharge lien stripping motion because it could enforce its order confirming the plan, which identified the creditor's junior lien and generally stated that the plan would treat all proofs of claim as secured only up to the value of the

---

[13] *See Dewsnup v. Timm (In re Dewsnup)*, 908 F.2d 588, 591 (10th Cir. 1990), *aff'd*, 502 U.S. 410 (1992); *see also VonGrabe v. Mecs (In re VonGrabe)*, 332 B.R. 40 (Bankr. M.D. Fla. 2005); *In re Bray*, 288 B.R. 305, 307 (Bankr. S.D. Ga. 2001).

[14] *See e,g.*, *La Paz at Boca Pointe*, 523 B.R. at 272.

[15] The Court cannot find any support for the proposition that abandonment of property by a Chapter 13 estate is revocable after the debtor receives her discharge and her case is closed; revocation under such circumstances would seemingly violate several provisions of Chapter 13. *See, e.g.*, 11 U.S.C. §§ 1322(d) & 1329(a).

[16] *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *Losada*, 557 B.R. at 251; *Chagolla v. JP Morgan Chase Bank, N.A. (In re Chagolla)*, 544 B.R. 676, 679–80 (9th Cir. BAP 2016).

debtor's property and treat the remainder of the claims as unsecured.[17] Similarly, in *In re Chagolla*, the Ninth Circuit Bankruptcy Appellate Panel held that a bankruptcy court had jurisdiction to consider a post-discharge lien stripping motion because the bankruptcy court could enforce the terms of the confirmed plan, which explicitly stated that the junior lien would be avoided and treated as unsecured.[18]

With the estate having no interest in the Condo, and with Rivera unable to modify her plan, the Court's last best hope for authority to value the Condo and determine the secured status of the Second Mortgage arises from the Court's continuing jurisdiction to enforce its own orders.[19] But, unlike the facts of *Losada* and *Chagolla,* neither the confirmed plan nor any of the orders in this case identified or attempted to treat the Second Mortgage or, at the very least, suggested a general intent to strip all junior liens, whether or not identified, from the Condo. Rivera sought modification of her plan twelve times, but none of the modifications called for any treatment of the Second Mortgage or provided some other basis the Court may cling to for jurisdiction. In fact, in her last-filed modified plan, under lien avoidance, Rivera selected "none."

Much to her credit, Rivera completed her plan, received her discharge, and her case was closed. Given her success, the Court lacks jurisdiction to strip the Second Mortgage from the Condo because the estate has no interest in the Condo and Rivera

---

[17] *Losada*, 557 B.R. at 247–52.

[18] *See Chagolla*, 544 B.R. at 680.

[19] *See Travelers*, 557 U.S. at 151; *Losada*, 557 B.R. at 252; *Chagolla*, 544 B.R. at 679–80.


never identified the Second Mortgage, so no document in this case – much less the confirmed plan or a court order – can be construed as calling for the Second Mortgage to be treated as wholly unsecured and stripped from the Condo.

Therefore, the Court **ORDERS** that Rivera's *Motion to Vacate Discharge* (Doc. 247) and *Amended Motion to Value and Determine Secured Status of Lien* (Doc. 289) are **DENIED**.  The Clerk is directed to **CLOSE THIS CASE**.

###

Copies To:
Michael Brooks, Esq.
Chapter 13 Trustee
AUST

*Michael Brooks, Esq. is directed to serve a copy of this Order on all interested parties.*